IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDITH MARSALIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00678-RK |
| | ) |
| JANET L YELLEN, SECRETARY OF | ) |
| THE DEPARTMENT OF TREASURY | ) |
| (INTERNAL REVENUE SERVICE), | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Edith Marsalis's pro se motion titled "Motion for Judgment as a Matter of Law."[1] (Doc. 63.) The motion is fully briefed. (Docs. 64, 66.) After careful consideration and for the reasons explained below, the motion is **DENIED**.

## Background

This is an employment discrimination case brought by Plaintiff against her former employer, the Internal Revenue Service ("IRS"). On June 26, 2024, the Court entered an Order granting in part and denying in part the IRS's motion for summary judgment. (Doc. 37.) A single count of denial of reasonable accommodation under the Rehabilitation Act remained and was tried in a one-and-a-half-day jury trial on July 23 and 24, 2024. The jury returned a verdict in favor of the IRS.

For purposes of this Order, the Court sets forth a brief statement of relevant facts; however, a more thorough background is contained in the Court's summary judgment Order (Doc. 37) and the trial record. In 2016, Plaintiff was employed as a Tax Examiner Technician for the IRS. On September 1, 2016, Plaintiff sustained injuries after she entered an elevator on the sixth floor at the IRS facility and, while descending, the elevator suddenly dropped to the fourth floor. Plaintiff was approved for federal workers' compensation benefits with the U.S. Department of Labor.

---

[1] Throughout the course of this litigation, including throughout the jury trial, Plaintiff was represented by counsel Charles S. Scott, Jr. Plaintiff's post-trial motion, however, was filed by Plaintiff without legal counsel and states that Plaintiff is "a pro se litigant." (Doc. 63 at 1.) Although Attorney Scott has not been formally withdrawn as Plaintiff's counsel, the Court nonetheless treats Plaintiff's motion as a pro se motion "entitled to the benefit of a liberal construction." *See Sisney v. Kaemingk*, 886 F.3d 692, 697 (8th Cir. 2018).

Plaintiff also submitted a reasonable accommodation request to the IRS in November 2016. On December 7, 2016, the IRS administratively withdrew the request based upon medical documentation it received which indicated that Plaintiff was not cleared to return to work because she was unable to perform her job duties. According to testimony of Linda McWilliams, Reasonable Accommodation Coordinator Manager for the IRS, an administrative withdrawal is not a formal denial of a reasonable accommodation request, but instead a deferral of its processing until the employee is cleared to return to work.

## Discussion

Plaintiff brings her motion under Rule 50 of the Federal Rules of Civil Procedure and asks the Court to enter judgment as a matter of law. Rule 50(a), (b) provides that a "motion for judgment as a matter of law may be made at any time *before* the case is submitted to the jury," and if the motion is unsuccessful, "the movant may file a renewed motion for judgment as a matter of law" no later than 28 days after the entry of judgment. (Emphasis added).

> A Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion. Thus, a party who fails to file a preverdict motion for judgment as a matter of law cannot "question the sufficiency of the evidence either before the district court through a motion for judgment notwithstanding the verdict or on appeal."

*Bank of America, N.A. v. JB Hanna, LLC*, 766 F.3d 841, 850 (8th Cir. 2014) (cleaned up).

Plaintiff did not move for judgment as a matter of law before the jury's verdict and therefore her motion is subject to denial on this basis. However, based upon Plaintiff's pro se filing status, the Court generously construes her motion as a Rule 59(a) motion for new trial.

Rule 59(a)(1)(A) provides that the Court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). In considering a motion for new trial based on the weight of the evidence, the Court "is entitled to interpret the evidence and judge the credibility of witnesses, but it may not usurp the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable." *Van Steenburgh v. Rival Co.*, 171 F.3d 1155, 1160 (8th Cir. 1999) (cleaned up). A jury's verdict should only be rejected where, "after a review of all the evidence giving full respect to the" verdict, the Court "is left with a definite and firm conviction that the jury has erred." *Ryan ex rel. Ryan v. McDonough Power Equip., Inc.*, 734

F.2d 385, 387 (8th Cir. 1984). "Where reasonable minds can differ in evaluating credible evidence, a new trial based on the weight of the evidence should not be granted." *Jacobs Mfg. Co. v. Sam Brown Co.*, 19 F.3d 1259, 1267 (8th Cir. 1994).

Plaintiff argues that the jury's defense verdict was against the weight of the evidence because the IRS did not produce "any evidence that it provided the Plaintiff with [a] Reasonable Accommodation," nor did it produce evidence of the "material fact that they contacted Plaintiff to inform Plaintiff that [she was] denied [a] Reasonable Accommodation." (Doc. 63 at 2.) As to Plaintiff's first argument, it is true that the IRS did not produce evidence that it provided Plaintiff with a reasonable accommodation. However, this is because it was the IRS's position that Plaintiff was not cleared to return to work, even with a reasonable accommodation, and therefore, it had no duty to provide a reasonable accommodation. The IRS produced evidence supporting that position.

The Court notes that as to Plaintiff's second argument, whether the IRS contacted Plaintiff is not a "material fact" for purposes of her claim of denial of a reasonable accommodation,[2] nevertheless, the Court points out that the jury did consider such evidence. Andria Palmer ("Palmer"), the IRS Reasonable Accommodation Coordinator assigned to Plaintiff's case in 2016, testified that she contacted Plaintiff by telephone on February 1, 2017, and informed her that because the Department of Labor had not yet released Plaintiff to return to work, the IRS was administratively withdrawing her accommodation request. The IRS also produced documentary evidence, without objection, of Palmer's December 7, 2016, email in which she documented the administrative withdrawal determination as well as Palmer's February 1, 2017, emails memorializing her telephone conversation with Plaintiff earlier that day. (Defendant's Ex. 212.) In contrast, Plaintiff testified that she was never contacted regarding the status of her reasonable accommodation request. Therefore, the jury was left to make a credibility determination, and that determination is not against the weight of the evidence.

Based on the whole record and the weight of the evidence, including the Court's evaluation of the admitted exhibits, testimony, and credibility of the witnesses, the Court does not find a

---

[2] Rather, Plaintiff appears to allege that the IRS violated its internal manual for handling reasonable accommodation requests—a fact that is not determinative to her denial of reasonable accommodation claim under the Rehabilitation Act.

3

miscarriage of justice has occurred. Plaintiff has failed to demonstrate that a new trial is necessary to avoid a miscarriage of justice.

## Conclusion

After careful consideration and for the reasons stated above, Plaintiff's motion (Doc. 63) is **DENIED**.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                 ROSEANN A. KETCHMARK, JUDGE
                                                 UNITED STATES DISTRICT COURT

DATED: October 21, 2024